# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GLOBAL EXPERIENCES SPECIALISTS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PAUL CUNNIFFE, ) <br> ) <br> Defendant. ) | Case No. 2:14-cv-0421-JCM-NJK <br><br> **REPORT AND RECOMMENDATION** <br><br> Motion to Dismiss - Dkt. # 6 <br> Motion to Stay - Dkt. # 7 <br> Motion to Transfer Venue - Dkt. # 8 |

Pending before the Court is Defendant's Motion to Dismiss, Motion to Stay, and Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404. Docket Nos. 6, 7, 8. This matter was referred to the Court by Local Rule IB 1-4 and 28 U.S.C. § 636(b)(1)(B). The Court finds this matter is properly resolved without oral argument. *See* Local Rule 78-2. The Court has considered the Motion to Transfer Venue, Response, and Reply. Docket Nos. 8, 14, 18. The Court recommends that Defendant's Motion to Transfer Venue be **GRANTED**. The Court has also considered Defendant's Motion to Stay and Motion to Dismiss, the respective Responses, and Replies. Docket Nos. 6, 7, 16, 17, 19, and 20. The Court recommends that Defendant's Motion to Stay and Motion to Dismiss be **DENIED** as moot.

**I.      BACKGROUND**

This suit arises under an Employment, Covenant Not to Compete, and Confidentiality Agreement (the "Employment Agreement") entered into between Plaintiff and Defendant in 2008. Docket No. 14, at 1. Section 7.1 of the Employment Agreement provides that for a period of two

years after the expiration of the employment term, Defendant would not compete with two specific competitors of Plaintiff, including The Freeman Companies ("Freeman"). Docket No. 14, at 2.[1] On October 24, 2013, while still employed by Plaintiff, Defendant accepted an offer of employment from Freeman. Docket No. 8, at 4. On October 28, 2013, Defendant submitted his resignation of employment to Plaintiff, effective October 30, 2013.[2] *Id*. Defendant has not yet started working for Freeman. *Id.*, at 4 n.3.

On December 9, 2013, Plaintiff submitted a Notice of Intention to Arbitrate to the American Arbitration Association, seeking damages for breach of contract and declaratory and injunctive relief. Docket No. 14, at 2. Defendant's Answer to the Arbitration noted that Paragraph 8 of the Employment Agreement precluded the arbitration of claims for equitable relief. *Id*. Given this apparent bar on the arbitrability of injunctive relief with respect to the Employment Agreement, the parties entered into discussions regarding whether to submit some or all of their claims to arbitration. *Id*. The parties ultimately failed to agree to submit all of their disputes to arbitration. *Id.*, at 3.

On March 20, 2014, Defendant and Freeman filed a lawsuit in Massachusetts Superior Court (the "Massachusetts Action") seeking, *inter alia*, equitable relief from the employment restrictions outlined in the Employment Agreement.[3] Docket No. 8, at 5. Plaintiff filed its complaint in the present case (the "Nevada Action") six hours after Defendant filed his complaint in the Massachusetts Action. Docket No. 8, at 5-6. In the Nevada Action, Plaintiff seeks a preliminary and permanent injunction enjoining Defendant from working for Freeman up through March 31, 2017.

---

[1] On April 1, 2011, Defendant and Plaintiff amended the Employment Agreement. Docket No. 8, at 3. This amendment purported to extend the term of the Employment Agreement until either Plaintiff or Defendant terminated the amendment, or March 31, 2015, whichever occurred first. *Id*.

[2] Defendant maintains that his resignation constituted termination of the Employment Agreement and any amendments thereto. Docket No. 8, at 4.

[3] Pleading diversity jurisdiction, Plaintiff removed the Massachusetts Action to the United States District Court for the District of Massachusetts on April 9, 2014. Docket No. 8-4, at 2.

2

Docket No. 1, at 4. Defendant filed the instant Motion to Transfer this case to the District of Massachusetts on April 16, 2014. Docket No. 8.

## II. DISCUSSION

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

### A. <u>First-To-File Rule</u>

The first-to file rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (*quoting Church of Scientology of California v. United States Dep't of the Army*, 611 F.2d 738, 749 (9th Cir. 1979)). When two cases involving the same parties and issues are filed in two different federal districts, the first-to-file rule permits the second district court to exercise its discretion to transfer, stay, or dismiss the second suit in the interests of efficiency and judicial economy. *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997); *Alltrade, Inc. v. Uniweld Prods.*, 946 F.2d 622, 622 (9th Cir. 1991) (the first-to-file rule may be invoked "when a complaint involving the same parties and issues has already been filed in another district") (*quoting Pacesetter*, 678 F.2d at 95).

The purpose of the first-to-file rule is to "avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Olin Corp. v. Cont'l Cas. Co.*, 2011 WL 1337407, *2 (D. Nev. April 6, 2011) (*quoting Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997)); *see also Cambridge Filter Corp. v. Int'l Filter Co., Inc.*, 548 F. Supp. 1308 (D. Nev. 1982) ("Litigation of related claims in the same tribunal is favored in order to avoid duplicitous litigation, attendant

unnecessary expense, loss of time to courts, witnesses and litigants, and inconsistent results"). The first-to-file rule was developed to "serve[ ] the purpose of promoting efficiency well and should not be disregarded lightly." *Church of Scientology*, 611 F.2d at 750.

In applying the first-to-file rule, a court looks to three threshold factors: "(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." *Nesbit v. Fornaro*, 2011 WL 1869917, *2 (D. Nev. March 31, 2011) (*citing Alltrade*, 946 F.2d at 625-26), *aff'd*, 2011 WL 1869934 (D. Nev. May 16, 2011). "[T]he first-to-file rule does not require strict identity of the parties, but rather substantial similarity." *Nesbit*, 2011 WL 1869917, at *3 (*citing Adoma v. The Univ. of Phoenix*, 711 F. Supp.2d 1142, 1146 (D. Ariz. 2010)); *see also Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp.2d 949, 959 n.6 (N.D. Cal. 2008) ("The rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters"). Likewise, the sameness requirement does not mandate that the two actions be identical, but is satisfied if they are sufficiently similar. *Dumas v. Major League Baseball Props., Inc.*, 52 F. Supp.2d 1183, 1193 (S.D. Cal. May 14, 1999), *vacated on other grounds by*, 104 F. Supp.2d 1224 (S.D. Cal. June 21, 2000), *aff'd*, 300 F.3d 1083 (9th Cir. 2002); *Inherent.com v. Martindale–Hubbell*, 420 F. Supp.2d 1093, 1097 (N.D. Cal. 2006) (for the first-to-file rule to apply, the issues in two actions need not be identical).

*1. Chronology*.

Chronology is the first consideration when applying the first-to-file rule. *Diversified Metal Prods., Inc. v. Odom Indus., Inc.*, 2012 WL 2872772, *2 (D. Idaho July 12, 2012). In the instant case, Defendant commenced the Massachusetts Action on March 20, 2014, at 2:23 p.m. EDT. Docket No. 8, at 5.[4] Plaintiff filed the action pending before this Court on March 20, 2014, at 7:22

---

[4]

The Massachusetts Action was removed to the District of Massachusetts on April 9, 2014. *See* n.3, *supra*. Although no Ninth Circuit case specifically addresses the issue, the majority of district courts reaching this issue consider the initial filing date in state court of a subsequently removed action to be the operative date for the purposes of the first-to-file rule. *See Diversified Metal Prods.*, 2012 WL 2872772, at *2 (collecting cases). *See also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto*

4

p.m. EDT. *Id*. Plaintiff does not dispute that the present case is the second-filed action. *See* Docket No. 14, at 4. Accordingly, application of the chronology factor of the first-to-file rule counsels in favor of the case being transferred to the District of Massachusetts.

*2. Similarity of issues and parties*.

Plaintiff argues in response that the first-to-file rule is inapplicable to the case at bar because the two actions do not involve identical parties and issues. *Id.*, at 4-5. As described above, however, absolute identity is not required; similarity of parties and issues is sufficient to trigger application of the first-to-file rule. *Nesbit*, 2011 WL 1869917, at *3; *Adoma*, 711 F. Supp.2d at 1146; *Intersearch Worldwide, Ltd.*, 544 F. Supp.2d at 959 n.6. Importantly, the parties are the same in both the Massachusetts and the Nevada actions, with the addition of Freeman in the Massachusetts Action. Docket No. 8, at 2. Moreover, it is the employment relationship between Freeman and Defendant which is precisely at issue in both the Nevada Action and the Massachusetts Action; namely, whether and to what degree Plaintiff's previous employment agreement with Defendant impacts his prospective employment relationship with Freeman. *See id.*, at 5*; see also* Employment Agreement, *supra*, Section 7.1. The Court therefore finds that the parties and the issues in both actions are sufficiently similar to warrant application of the first-to-file rule. *Alltrade*, 946 F.2d at 625-26; *Nesbit*, 2011 WL 1869917, at *2.

**B. Transfer Pursuant to 28 U.S.C. § 1404(a)**

Additionally, the Court has considered the relevant factors in its analysis of whether the case should be transferred. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) ("A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case"). The factors that may be considered are: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the

---

*Truck Drivers Local No. 70*, 415 U.S. 423, 436 (1974) ("After removal, the federal court takes the case up where the State court left it off") (internal citations omitted).

respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel the attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Nachman v. Regenocyte Worldwide, Inc.*, 2014 WL 537646, *7 (D. Nev. Feb. 14, 2014) (*quoting Jones*, 211 F.3d at 498-99); *U.S. Commodity Futures Trading Comm'n v. Lions Wealth Holdings, Inc.*, 2013 WL 6501699, *1 (D. Nev. Dec. 9, 2013) (same).

*1. The location where the relevant agreements were negotiated and executed.*

Plaintiff's CEO's affidavit states that he "cannot recall" where the Employment Agreement was negotiated and executed. Docket No. 14-1, at 2. Nonetheless, the Ninth Circuit has stated that in a breach of contract action, the most appropriate venue is the place where the contract was intended to be performed. *VT Const., Inc. v. H2J Envtl.*, *3 (D. Nev. Mar. 10, 2014) (*citing Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986)); *Soccerspecific.com LLC v. World Class Coaching, Inc.*, 2008 WL 4960232, *2 (D. Or. Nov. 18, 2008) (same). Additionally, Defendant states Plaintiff employed him in Massachusetts and does business in Massachusetts. Docket No. 8, at 9. Defendant points out that Section 7.1 of the Employment Agreement specifically bars Defendant from competing with Plaintiff by joining Freeman, a company which is located in Massachusetts. Docket No.18, at 6. Clearly, then, the parties intended the contract to be performed in Massachusetts. Accordingly, the Court finds that this factor favors Massachusetts.

*2. The state that is most familiar with the governing law.*

The Employment Agreement provides that it will be governed by Nevada law.[5] Docket No. 14, at 2. Thus, Plaintiff's single claim arising under the Employment Agreement (injunctive relief

---

[5]

Defendant notes that federal judges are able to interpret and apply the contract law of other states. Docket No. 18, at 6 (*quoting Dwyer v. Gen. Motors Corp.*, 853 F. Supp. 690 (S.D.N.Y. 1994) ("The fact that the law of another jurisdiction governs the outcome of the case is a factor accorded little weight on a motion to transfer, however, especially in an instance such as this where no complex questions of foreign law are involved")).

6

preventing Defendant from working for Freeman) favors having the case heard in Nevada. Defendant asserts Massachusetts state statutory claims in his Massachusetts Action, however, claims which by their nature are not subject to the Nevada choice of law provision in the Employment Agreement. Docket No. 18, at 6-7. Defendant asserts that Massachusetts law will apply to bar the employment restrictions outlined in the Employment Agreement. *Id.*, at 6. Without resolving this issue, this factor is either neutral or weighs slightly in favor of Nevada.

### 3. *Plaintiff's choice of forum*.

Here, it is arguable which party has selected its choice of forum. While Plaintiff filed the instant action in Nevada, Defendant is the one who first initiated judicial proceedings, by filing the Massachusetts Action against Plaintiff. The Court therefore finds that this factor is neutral.

### 4. *The respective parties' contacts with the forum*.

Plaintiff admits it conducts business in Massachusetts. Docket No. 14, at 6. Defendant has no contacts with the state of Nevada, except for a few visits during trade shows. Docket No. 18, at 7. Defendant also asserts that he currently lives in Massachusetts, that he lived in Massachusetts while working for Plaintiff, and that Plaintiff is attempting to enjoin Defendant from working for another Massachusetts company (Freeman). *Id.* Tellingly, the alleged actions which give rise to Plaintiff's Complaint (i.e., breach of the Employment Agreement), occurred in Massachusetts in connection with Defendant's dealings with Freeman, a Massachusetts company. The Court finds that this factor favors Massachusetts.

### 5. *The contacts relating to the plaintiff's cause of action in the chosen forum*.

As discussed above, Defendant lives and works in Massachusetts. Docket No. 18, at 7. Freeman is a Massachusetts company. *Id*. The contract was intended to be performed in Massachusetts. Plaintiff, though a Nevada company, does business in Massachusetts and employed Defendant in Massachusetts. Docket No. 14, at 6. Defendant has minimal contacts with Nevada, having traveled to Nevada for some trade shows in the course of his employment with Plaintiff. Docket No 18, at 7. The Court therefore finds that this factor favors Massachusetts.

*6. The differences in the costs of litigation in the two forums.*

As the parties elaborate, some of the witnesses in this case are located in Nevada, and some are located in Massachusetts. Docket No. 14, at 7; Docket No. 18, at 7-8. Accordingly, the Court finds that this factor is neutral.

*7. The availability of compulsory process.*

The parties agree that compulsory process is not an issue here. Docket No. 14, at 7; Docket No. 18, at 8.

*8. The ease of access to sources of proof.*

Other than electronic documents which may be accessed in either state,[6] the sources of proof in this matter present as witness testimony. Freeman, a Massachusetts corporation, is the prospective target (along with Defendant) of Plaintiff's lawsuit for injunctive relief in the Nevada Action. Freeman may thus be said to be a 'source of proof' with respect to Plaintiff's claims. While a party in the Massachusetts action, Freeman is not a party in the Nevada Action. The Court therefore finds that this factor weighs in favor of Massachusetts.

### III.  CONCLUSION

Based on the foregoing factors – even if the District of Nevada is a proper venue for this dispute, and even assuming that Defendant had not already filed the Massachusetts Action – the Court finds that the interests of justice and convenience of parties and witnesses dictate that this case should be transferred to the District of Massachusetts. 28 U.S.C. § 1404(a); *Jones*, 211 F.3d at 498-99.

Since the Court recommends granting Defendant's Motion to Transfer Venue (Docket No. 8), the Court finds that Defendant's Motion to Stay (Docket No. 7) and Motion to Dismiss (Docket

---

[6] Plaintiff notes that "advances in modern communication and transportation enable litigants to present evidence and other sources of proof in far reaching venues." Docket No. 14, at 7 (*quoting Schadler Kramer Group, LLC v. Fixtures Living, Inc.*, 2011 U.S. Dist. LEXIS, at *18 (D. Nev. Sept. 13, 2011)).

No. 6) are moot in this district. Therefore the Court recommends denying Defendant's Motion to Stay and Motion to Dismiss as moot.

## RECOMMENDATION

Based on the foregoing reasons, **IT IS RECOMMENDED** that Defendant's Motion to Transfer Venue (Docket No. 8) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Defendant's Motion to Dismiss (Docket No. 6) and Motion to Stay (Docket No. 7) be **DENIED** as moot.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: May 23, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge