UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GLOBAL EXPERIENCE
SPECIALISTS, INC.,

        Plaintiff(s),

v.

PAUL CUNNIFFE,

        Defendant(s).

2:14-CV-421 JCM (NJK)

**ORDER**

Presently before the court are Magistrate Judge Nancy Koppe's report and recommendation, (doc. # 21), granting the defendant's motion to transfer venue, (doc. # 8), and denying the defendant's motions to stay and dismiss, (doc. # 6, 7), as moot.

**I.    Background**

The defendant entered into an employment, covenant not to compete, and confidentiality agreement with the plaintiff in 2008. The agreement provides for a two year period following the employment term in which the defendant would not work for two of the plaintiff's competitors.

On October 24, 2013, while still employed by the plaintiff, the defendant accepted an offer of employment from one of the two competitors — the Freeman Companies. A few days later, the defendant resigned from his employment with the plaintiff. However as of the time of filing of the complaint, the plaintiff has not yet begun his employment with the Freeman Companies.

. . .

James C. Mahan
U.S. District Judge

On March 20, 2014, after failing to agree to arbitration, the defendant and the Freeman Companies filed a complaint in Massachusetts Superior Court (the "Massachusetts action") and six hours later the plaintiff filed its complaint in Nevada (the "Nevada action"). At issue is the plaintiff's objection to the report and recommendation granting a change of venue, claiming that the magistrate judge improperly applied the first-to-file rule and relevant factors in recommending the court grant the defendant's motion to transfer venue.

## II. Legal Standard

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

## III. Discussion

28 U.S.C. section 1404(a) gives discretion to the district court to transfer venue "[f]or the convenience of parties and witnesses, in the interest of justice." A district court may transfer any civil action to any other district or division based on an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

The first-to-file rule "permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982); *see also Olin Corp. v. Cont'l Cas. Co.*, 2011 WL 1337407, *2 (D. Nev. April 6, 2011) (holding that the purpose of the first-to-file rule is to "avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result"). In the instant case, the magistrate judge properly found that the parties and issues in both actions were sufficient to warrant application of the first-to-file rule and that the rule favors the defendant.

Although the plaintiff claims that the Massachusetts action was filed in anticipation of the Nevada action, (doc. # 22), the plaintiff improperly brings this argument for the first time before this

court. *See Greenhow v. Secretary of Health & Human Services*, 863 F.2d 633 (9th Cir. 1998) (affirming that a district court may decline to hear arguments first raised in a party's objection to a magistrate judge's report and recommendation and that the Magistrate Judge Act, 28 U.S.C. section 636 was not "intended to give litigants an opportunity to run one version of their case before the magistrate, then another past the district court"). More importantly, the argument has no merit. In fact, it was *the defendant* who notified the plaintiff's counsel regarding the filing of the Massachusetts action and *the plaintiff* who tried to file an anticipatory suit.

Furthermore, the magistrate judge properly considered the relevant factors in determining whether to transfer this matter. Although the original agreement was drafted in Nevada, and the defendant has attended trade shows in the state, these factors are insufficient to prevent transfer to Massachusetts. Considering the interests of justice and convenience for all the parties, transfer is favored because the defendant was employed by the plaintiff in Massachusetts, his inability to obtain further employment affects him within that state, and the defendant—a Massachusetts resident, as well as both employers, have significant contacts within the state.

### IV. Conclusion

The magistrate judge properly determined that the first-to-file rule applies. Furthermore, considerations of the interests of justice and convenience and review of the relevant factors support that the instant case be transferred to the district of Massachusetts. Nothing in this order shall affect the pending motions to dismiss, (doc. # 6), and to stay, (doc. # 7).

Accordingly,

IT IS ORDERED, ADJUDGED, AND DECREED that magistrate judge's report and recommendation (doc. # 21) be, and the same hereby are, ADOPTED in their entireties.

IT IS FURTHERED ORDERED that the defendant's motion to transfer venue (doc. # 8) be, and the same hereby is GRANTED.

DATED July 30, 2014.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE